**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

LISA S.,

                        Plaintiff,

   v.                                                                      5:24-CV-1455
                                                                 (DJS)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| OLINSKY LAW GROUP<br>Attorney for Plaintiff<br>250 South Clinton Street, Suite 210<br>Syracuse, New York 13202 | HOWARD OLINSKY, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF THE GENERAL COUNSEL<br>Attorney for Defendant<br>6401 Security Boulevard<br>Baltimore, Maryland 21235 | DANIEL S. TARABELLI, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

In this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security, Plaintiff raises two issues: 1) the alleged failure of the Commissioner to comply with a previous remand order; and 2) error at Step Five of the

1

sequential analysis regarding the identification of work that Plaintiff could perform. *See generally* Dkt. No. 11, Pl.'s Mem. of Law. She requests that the matter be remanded to the Commissioner solely for a calculation of benefits. *Id.* at p. 16. In the alternative, she seeks remand for further proceedings to address the errors identified. *Id.* The Commissioner now concedes that the Administrative Law Judge erred at Step Five. Dkt. No. 16, Def.'s Mem. of Law at p. 3. In his view, however, remand for further administrative proceedings is the proper remedy. *Id.* at p. 6. In Reply, Plaintiff argues that the conceded error cannot properly be remedied by such remand. Dkt. No. 19. Here, the Court agrees that remand for further proceedings is the proper course.

Given the Commissioner's concession of error, the only question is one of remedy. A remand solely for calculation of benefits is appropriate "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). Reversal for calculation of benefits is considered a "rare case." *Kyle P. v. Comm'r of Soc. Sec.*, 2022 WL 1659193, at *7 (N.D.N.Y. May 25, 2022); *see also Baldwin v. Astrue*, 2009 WL 4931363, *19 (S.D.N.Y. Dec. 21, 2009) (remanding only for benefits calculation "is an extraordinary action and is proper only when further development of the record would serve no purpose").

The Court does not find this to be such a rare case or one where remand for further proceedings would serve no purpose.  The error identified presents a conflict between vocational requirements identified in the Dictionary of Occupational Titles and testimony from a vocational expert ("VE").  *See* Pl.'s Mem. of Law at pp. 13-16; Def.'s Mem. of Law at pp. 3-4.  This is a conflict ALJ's are well-versed in addressing.  In fact, "SSR 00-4p creates an affirmative responsibility for an ALJ to ask the VE about any possible conflict between the VE's testimony and the Dictionary of Occupational Titles (DOT) before relying on VE testimony about possible jobs that fit a claimant's RFC determination." *Rodriguez v. Comm'r of Soc. Sec.*, 2023 WL 5019465, at *4 (E.D.N.Y. Aug. 7, 2023) (internal quotations omitted); *see also Robles v. Comm'r of Soc. Sec.*, 2016 WL 7048709, at *6 (N.D.N.Y. Dec. 5, 2016) (similar).  The Court should not resolve that conflict in the first instance here.  *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 94 (2d Cir. 2019).

The Court recognizes that the application at issue here was first filed in 2019 and that this claim has once before been remanded from this Court for further proceedings.  However, "delay alone is an insufficient basis on which to remand for benefits." *Lee v. Astrue*, 2011 WL 1675101, at *8 (W.D.N.Y. May 4, 2011) (quoting *Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005)); *see also Kim G. o/b/o Erica L. v. Comm'r of Soc. Sec.*, 2025 WL 2552598, at *5 (W.D.N.Y. Sept. 4, 2025).

**ACCORDINGLY**, it is

**ORDERED**, the Defendant's Motion to Remand for Further Proceedings (Dkt. No. 16) is **GRANTED** and that this matter is **REMANDED** for further proceedings pursuant to sentence four; and it is further

**ORDERED**, the Defendant's Motion for an Extension of Time (Dkt. No. 15) is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Decision and Order on the parties.

Dated: January 15, 2025
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge